UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MONICA J. ROGERS,

       Plaintiff,                              Case No.
                                               Hon.

vs.

HENRY FORD HEALTH SYSTEM,
a Michigan corporation,

       Defendant.
_____/
Gerald D. Wahl (P26511)
Attorney for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
gwahl@sterlingattorneys.com
_____/

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff, Monica J. Rogers, by and through her counsel Sterling Attorneys at Law, P.C. in order to complain against Defendant for the following reasons:

**JURISDICTIONAL ALLEGATIONS**

1.    Plaintiff is a resident of Orchard Lake, Oakland County, Michigan and at all times pertinent hereto is a citizen of the United States.

2. Defendant is a hospital corporation organized and existing under the laws of the State of Michigan, and is an "employer" within the meaning of the statutes cited herein.

3. Jurisdiction is vested in this Court pursuant to their being a federal question in Counts I-IV, jurisdiction as to Counts V-VIII is claimed as supplemental jurisdiction due to both counts arising under a common nucleus of operative facts with those articulated in the prior counts.

## COMMON ALLEGATIONS

4. Plaintiff is an African American female.

5. Plaintiff began her employment with Defendant in October 1981.

6. At all times pertinent hereto, Plaintiff performed all of her job functions positively as reflected by her longevity, assignments, actual performance, and performance reviews.

7. Plaintiff became an OHRD Consultant in or around 2007 and remained in that position until October 20, 2014.

8. Plaintiff has filed charges of discrimination against Defendant under Title VII with the Equal Employment Opportunity Commission (EEOC), and as to various claims, filed them within 300 days of the discriminatory act, and less than 90 days has elapsed since her receipt of a Right to Sue letter.

9. Plaintiff initially filed, both internally and with the EEOC, charges of race discrimination against Defendant for Defendant's failure to provide Plaintiff a promotion to the position of Sr. OHRD Consultant position at the same time she was assigned those duties.

10. On March 25, 2013, Plaintiff filed a written complaint with Defendant's Vice President-Human Resources Corporate Services, Derick Adams, outlining the reasons she felt she had been discriminated against, i.e. outlining race and age, after having complained verbally since December 2012.

11. Plaintiff's statements of discrimination informed Mr. Adams that white candidates, all of whom are younger, were promoted without having college degrees; Defendant's management had told Plaintiff that the reason she had not been given the Sr. OHRD Consultant job title, pay grade, and authority was she lacked a college degree.

12. Plaintiff pointed out both in her internal complaint and in conversation with her management for a period of months, white males, younger than Plaintiff, who had been given job titles and promotions without college degrees, in spite of job descriptions requiring college degrees.

13. When complaining to the Director of Employee Relations and Diversity, Jan Harrington-Davis, that Plaintiff was a victim of age discrimination, Plaintiff was told that the reason she was not being provided the job title, pay grade, and authority she had earned, was because of her race.

14. Plaintiff's manager, Lori Jensen, commented to Plaintiff, in a direct display of age consciousness, on January 23, 2013, "I don't know about you, but I feel that at our age we only have one good job left."

15. Ms. Jensen's comment regarding her and Plaintiff's age, was in the context of a conversation about Plaintiff receiving the Sr. ORHD job title.

16. Defendant's management, on numerous occasions, has referenced Plaintiff's age, all of which was brought to the attention of Defendant in Plaintiff's complaints of discrimination, along with Plaintiff's statement of race discrimination.

17. Plaintiff thereafter filed a Charge of Discrimination with the EEOC on July 3, 2013, stating that she was discriminated against in a failure to promote based on her race, and that she was subjected to different terms and conditions of employment in retaliation for her having made the complaints of race discrimination.

18. Defendant's acts of retaliation between December 2012 and July 3, 2013 were, amongst others, excluding Plaintiff from meetings, stopping one on one meetings with Plaintiff's immediate manager, Barbara Bressack, and changing the OHRD Consulting job description to include all of the senior level tasks so Defendant would not have to promote her to a senior level consultant position, all of which had the effect of diminishing Plaintiff's job opportunities and performance.

19.     Defendant, through Derick Adams, on September 11, 2013, placed Plaintiff on suspension through the issuance of an "Impaired Healthcare Worker" discipline, for a period of 10 days (it turned out to be 30), requiring a fitness for duty examination, and telling Plaintiff "people have concerns there are safety risks with you," all on September 11, 2013.

20.     Defendant's explanations are pretextual, as evidenced in part, that when requested to provide examples of behavior suggesting a "safety risk," Mr. Adams did not have any, and said "you have been up and down," citing Defendant's zero tolerance for violence policy.

21.     Communications from Defendant's management to employees of Defendant, in explanation of the suspension, were that Plaintiff had been terminated.

22.     Before returning her to employment, Defendant, through Jan Harrington-Davis and Derick Adams, called Plaintiff in for a meeting on October 2, 2013.

23.     At the meeting, Adams informed Plaintiff that he had been told that people were upset because Plaintiff had identified witnesses on the EEOC Charge and that they did not agree with the Charge.

24.     Mr. Adams continued to inform Plaintiff that she would be removed from her position, and she could either take a Business Partner

5

position at a subsidiary at HAP, or obtain a severance in exchange for dropping all charges.

25. Mr. Adams went on to ask Plaintiff how long she intended to work and that this would be a good opportunity to leave, Ms. Harrington-Davis voicing her agreement.

26. On Tuesday, October 8, when Plaintiff told Mr. Adams she would take the HAP position, he expressed surprise.

27. As a ramp-up to Plaintiff obtaining the new HAP position, she was denied access to computer files that would have assisted her in the HAP position.

28. Defendant's actions had the effect of communicating to people that Defendant's management felt Plaintiff was prone to violence, unstable, masking its true reasons for its actions, i.e. race and age discrimination, and retaliation for having opposed discrimination.

29. Plaintiff again filed an EEOC charge of discrimination and retaliation on September 24, 2013.

30. The EEOC found probable cause to believe that Defendant had retaliated against Plaintiff.

## COUNT I

## 42 USC 1981, ET SEQ. – RACE DISCRIMINATION

31. Plaintiff incorporates herein by reference paragraphs 4-30 of the Common Allegations as though fully restated herein.

32. Defendant has engaged in a practice and pattern of race discrimination in negatively deciding the terms and conditions of employment for people of color in its failure to promote, using different criteria for African Americans, and non-African Americans in its treatment of Plaintiff.

33. Defendant's actions were in willful disregard of Plaintiff's federally protected rights.

34. As a proximate result of defendants' illegal acts as aforestated, the Plaintiff has suffered economic losses, both present and future, and an injury.

WHEREFORE, Plaintiff prays for judgment against the Defendant that is fair and equitable, consequential damages, unlimited punitive damages, costs, and attorneys' fees.

## COUNT II

## 42 USC 1981, ET SEQ. – RETALIATION

35. Plaintiff incorporates herein by reference paragraphs 4-30 of the Common Allegations as though fully restated herein.

36. Beginning in December 2012 to present, Defendant has engaged in a pattern of retaliating against Plaintiff for opposing its racially discriminatory practices.

37. Defendant's actions were in willful disregard of Plaintiff's federally protected rights.

38. As a proximate result of defendants' illegal acts as aforestated, the Plaintiff has suffered economic losses, both present and future, and an injury.

WHEREFORE, Plaintiff prays for judgment against the Defendant that is fair and equitable, consequential damages, unlimited punitive damages, costs, and attorneys' fees.

## COUNT III

## TITLE VII – RACE DISCRIMINATION

39. Plaintiff incorporates herein by reference paragraphs 4-30 of the Common Allegations, and paragraphs 31-34 of Count I as though fully restated herein.

40. Defendant's actions were in willful disregard of Plaintiff's federally protected rights.

41. As a proximate result of defendants' illegal acts as aforestated, the Plaintiff has suffered economic losses, both present and future, and an injury.

WHEREFORE, Plaintiff prays for judgment against the Defendant that is fair and equitable, consequential damages, punitive damages in excess of

$300,000 based on the number of employees Defendant has, costs, and attorneys' fees.

## COUNT IV

## TITLE VII -- RETALIATION

42. Plaintiff incorporates herein by reference paragraphs 4-30 of the Common Allegations, and paragraphs 35-36 of Count II as though fully restated herein.

43. Defendant's actions were in willful disregard of Plaintiff's federally protected rights.

44. As a proximate result of defendants' illegal acts as aforestated, the Plaintiff has suffered economic losses, both present and future, and an injury.

WHEREFORE, Plaintiff prays for judgment against the Defendant that is fair and equitable, reinstatement to her former position, other equitable relief, consequential damages, punitive damages in excess of $300,000 based on the number of employees Defendant has, costs, and attorneys' fees.

## COUNT V

## RACE DISCRIMINATION –ELLIOTT-LARSEN CIVIL RIGHTS ACT

45. Plaintiff incorporates herein by reference paragraphs 4-30 of the Common Allegations, paragraphs 31-34 of Count I, and paragraphs 39-41 of Count III as though fully restated herein.

46.  Defendant's actions were in willful disregard of Plaintiff's rights under the Elliott-Larsen Civil Rights Act.

47.  As a proximate result of defendants' illegal acts as aforestated, the Plaintiff has suffered economic losses, both present and future, and an injury.

WHEREFORE, Plaintiff prays for judgment against the Defendant that is fair and equitable, consequential damages, costs, and attorneys' fees.

## COUNT VI

### RETALIATION – ELLIOTT-LARSEN CIVIL RIGHTS ACT

48.  Plaintiff incorporates herein by reference paragraphs 4-30 of the Common Allegations, paragraphs 35-38 of Count II, and paragraphs 42-44 of Count IV as though fully restated herein.

49.  Defendant's actions were in willful disregard of Plaintiff's rights to be free from retaliation under the Elliott-Larsen Civil Rights Act.

50.  As a proximate result of defendants' illegal acts as aforestated, the Plaintiff has suffered economic losses, both present and future, and an injury.

WHEREFORE, Plaintiff prays for judgment against the Defendant that is fair and equitable, reinstatement to her former position, other equitable relief, consequential damages, costs, and attorneys' fees.

## COUNT VII

## AGE DISCRIMINATION – ELLIOTT-LARSEN CIVIL RIGHTS ACT

51. Plaintiff incorporates herein by reference paragraphs 4-30 of the Common Allegations as though fully restated herein.

52. Plaintiff's date of birth is April 10, 1953.

53. Through direct comments and decisions affecting younger employees, Defendant using different standards for promotion, i.e. Plaintiff being denied promotion for not fulfilling a job description based on college degree, and younger employees obtaining promotions, yet also not fulfilling job description requirements for a college degree, Defendant has engaged in a practice and pattern of age discrimination.

54. Defendant repeatedly referenced Plaintiff's age regarding suggestions of retirement, showing, at least, age consciousness, and direct evidence of age discrimination in that each conversation was in the context of seeking the promotion or retention of her position and stated by decision-makers in the process.

55. As a proximate result of defendants' illegal acts as aforestated, the Plaintiff has suffered economic losses, both present and future, and an injury.

WHEREFORE, Plaintiff prays for judgment against the Defendant that is fair and equitable, reinstatement to her former position, other equitable relief, consequential damages, costs, and attorneys' fees.

## JURY DEMAND

Plaintiff Monica J. Rogers, by her attorneys Sterling Attorneys at Law, P.C., requests a trial by jury.

                        Respectfully submitted,

                        STERLING ATTORNEYS AT LAW, P.C.

                        By: /s/Gerald D. Wahl
                              Gerald D. Wahl (P26511)
                              Attorney for Plaintiff
                              33 Bloomfield Hills Pkwy., Ste. 250
                              Bloomfield Hills, MI 48304
                              (248) 644-1500

Dated: June 25, 2015