UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA J. ROGERS,

    Plaintiff,

vs.

HENRY FORD HEALTH SYSTEM,
a Michigan corporation,

    Defendant.

Case No. 2:15-cv-12312
Hon. Marianne O. Battani

---

| STERLING ATTORNEYS AT LAW, P.C. | VARNUM LLP |
|---|---|
| Gerald D. Wahl (P26511) | Terrence J. Miglio (P30541) |
| Attorney for Plaintiff | Barbara E. Buchanan (P55084) |
| 33 Bloomfield Hills Pkwy., Ste. 250 | Attorneys for Defendant |
| Bloomfield Hills, MI 48304 | 39500 High Pointe Blvd., Ste. 350 |
| (248) 644-1500 | Novi, MI 48375 |
| gwahl@sterlingattorneys.com | 248-567-7828 |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

---

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Defendant, HENRY FORD HEALTH SYSTEM, by and through its attorneys, VARNUM LLP, and for its Answer to Plaintiff's Complaint, states as follows:

## RESPONSE TO JURISDICTIONAL ALLEGATIONS

1. In response to Paragraph 1 of Plaintiff's Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and therefore leaves Plaintiff to her proofs.

2. In response to Paragraph 2 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

3. In response to Paragraph 3 of Plaintiff's Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and therefore leaves Plaintiff to her proofs.

## RESPONSE TO COMMON ALLEGATIONS

4. In response to Paragraph 4 of Plaintiff's Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and therefore leaves Plaintiff to her proofs.

5. In response to Paragraph 5 of Plaintiff's Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and therefore leaves Plaintiff to her proofs.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

7. In response to Paragraph 7 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

8. In response to Paragraph 8 of Plaintiff's Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and therefore leaves Plaintiff to her proofs.

9. In response to Paragraph 9 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

10. In response to Paragraph 10 of Plaintiff's Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and therefore leaves Plaintiff to her proofs.

11. In response to Paragraph 11 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

12. In response to Paragraph 12 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

14. In response to Paragraph 14 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

15. In response to Paragraph 15 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

16. In response to Paragraph 16 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

17. In response to Paragraph 17 of Plaintiff's Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and therefore leaves Plaintiff to her proofs.

18. In response to Paragraph 18 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

19. In response to Paragraph 19 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

20. In response to Paragraph 20 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

21. In response to Paragraph 21 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

22. In response to Paragraph 22 of Plaintiff's Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and therefore leaves Plaintiff to her proofs.

23. In response to Paragraph 23 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

24. In response to Paragraph 24 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

25. In response to Paragraph 25 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

26. In response to Paragraph 26 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

27. In response to Paragraph 27 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

28. In response to Paragraph 28 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

29. In response to Paragraph 29 of Plaintiff's Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and therefore leaves Plaintiff to her proofs.

30. In response to Paragraph 30 of Plaintiff's Complaint, Defendant states that it is without sufficient information to either admit or deny the allegations contained therein and therefore leaves Plaintiff to her proofs.

### **RESPONSE TO COUNT I: 42 USC 1981, ET SEQ. – RACE DISCRIMINATION**

31. Defendant realleges and incorporates by reference its answers to Paragraphs 1-30 as set forth in full herein.

32. In response to Paragraph 32 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

33. In response to Paragraph 33 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

34. In response to Paragraph 34 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendant prays that the Complaint be dismissed in its entirety with prejudice and that Defendant be awarded its costs and attorneys' fees for having to defend against same.

## RESPONSE TO COUNT II: 42 USC 1981, ET SEQ. – RETALIATION

35. Defendant realleges and incorporates by reference its answers to Paragraphs 1-34 as set forth in full herein.

36. In response to Paragraph 36 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

37. In response to Paragraph 37 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

38. In response to Paragraph 38 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendant prays that the Complaint be dismissed in its entirety with prejudice and that Defendant be awarded its costs and attorneys' fees for having to defend against same.

**RESPONSE TO COUNT III:  TITLE VII – RACE DISCRIMINATION**

39. Defendant realleges and incorporates by reference its answers to Paragraphs 1-38 as set forth in full herein.

40. In response to Paragraph 40 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

41. In response to Paragraph 41 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendant prays that the Complaint be dismissed in its entirety with prejudice and that Defendant be awarded its costs and attorneys' fees for having to defend against same.

**RESPONSE TO COUNT IV:  TITLE VII – RETALIATION**

42. Defendant realleges and incorporates by reference its answers to Paragraphs 1-41 as set forth in full herein.

43. In response to Paragraph 43 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

44. In response to Paragraph 44 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendant prays that the Complaint be dismissed in its entirety with prejudice and that Defendant be awarded its costs and attorneys' fees for having to defend against same.

## RESPONSE TO COUNT V: RACE DISCRIMINATION – ELLIOTT-LARSEN CIVIL RIGHTS ACT

45. Defendant realleges and incorporates by reference its answers to Paragraphs 1-44 as set forth in full herein

46. In response to Paragraph 46 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

47. In response to Paragraph 47 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendant prays that the Complaint be dismissed in its entirety with prejudice and that Defendant be awarded its costs and attorneys' fees for having to defend against same.

## RESPONSE TO COUNT VI: RETALIATION – ELLIOTT-LARSEN CIVIL RIGHTS ACT

48. Defendant realleges and incorporates by reference its answers to Paragraphs 1-47 as set forth in full herein.

49. In response to Paragraph 49 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

50. In response to Paragraph 50 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendant prays that the Complaint be dismissed in its entirety with prejudice and that Defendant be awarded its costs and attorneys' fees for having to defend against same.

### RESPONSE TO COUNT VII: AGE DISCRIMINATION – ELLIOTT-LARSEN CIVIL RIGHTS ACT

51. Defendant realleges and incorporates by reference its answers to Paragraphs 1-50 as set forth in full herein.

52. In response to Paragraph 52 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

53. In response to Paragraph 53 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

54. In response to Paragraph 54 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

55. In response to Paragraph 55 of Plaintiff's Complaint, Defendant denies the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendant prays that the Complaint be dismissed in its entirety with prejudice and that Defendant be awarded its costs and attorneys' fees for having to defend against same.

## RELIEF REQUESTED

Defendant prays that the Plaintiff's Complaint be dismissed in its entirety and that Defendant be awarded its costs and attorney fees for having to defend against same.

**VARNUM LLP**

By: */s/ Terrence J. Miglio*
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendant
39500 High Pointe Blvd.,
Ste. 350
Novi, Michigan 48375
(248) 567-7400
tjmiglio@varnumlaw.com
bebuchanan@varnumlaw.com

Date: August 11, 2015

9660005_1.docx

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA J. ROGERS,

    Plaintiff,

vs.

HENRY FORD HEALTH SYSTEM,
a Michigan corporation,

    Defendant.

Case No. 2:15-cv-12312
Hon. Marianne O. Battani

---

| STERLING ATTORNEYS AT LAW, P.C. | VARNUM LLP |
|---|---|
| Gerald D. Wahl (P26511) | Terrence J. Miglio (P30541) |
| Attorney for Plaintiff | Barbara E. Buchanan (P55084) |
| 33 Bloomfield Hills Pkwy., Ste. 250 | Attorneys for Defendant |
| Bloomfield Hills, MI 48304 | 39500 High Pointe Blvd., Ste. 350 |
| (248) 644-1500 | Novi, MI 48375 |
| gwahl@sterlingattorneys.com | 248-567-7828 |
| | tjmiglio@varnumlaw.com |
| | bebuchanan@varnumlaw.com |

---

## DEFENDANT'S AFFIRMATIVE DEFENSES

NOW COMES HENRY FORD HEALTH SYSTEM, by and through its attorneys, VARNUM LLP, and for its Affirmative Defenses, states as follows:

1.    Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.    Plaintiff cannot establish a *prima facie* case of unlawful retaliation discrimination based on race.

3. Some or all of the claims asserted in Plaintiff's Complaint may be barred by the applicable statutes of limitations.

4. Plaintiff has failed to diligently mitigate her alleged damages.

5. Plaintiff's own actions and/or omissions contributed to the injuries she claims to have sustained.

6. Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative, contractual, and/or internal remedies.

7. To the extent Plaintiff seeks equitable relief her claims are barred, in whole or in part, by the doctrines of waiver, unclean hands, equitable estoppel, and/or laches.

8. Defendant's actions were at all times motivated by legitimate, non-discriminatory and non-retaliatory reasons.

9. Plaintiff cannot establish the requisite element of a claim under Section 1981.

10. Plaintiff was not denied any contractual rights, benefits or privileges.

11. Plaintiff's claims are barred on the grounds that she cannot demonstrate that any of Defendant's articulated reasons for its actions were a pretext for discrimination or retaliatory under any theory of liability alleged in Plaintiff's Complaint.

12. All or some of Plaintiff's claims and/or damages may be barred, in whole or in part, by the doctrine of after-acquired evidence and/or resume fraud.

13. Plaintiff failed to file a timely charge of discrimination with respect to some or all of the allegations of her Complaint.

14. Defendant reserves the right to assert additional Affirmative Defenses upon discovery of facts not presently known.

**VARNUM LLP**

By: /s/ *Terrence J. Miglio*
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendant
39500 High Pointe Blvd.,
Ste. 350
Novi, Michigan 48375
(248) 567-7400
tjmiglio@varnumlaw.com
bebuchanan@varnumlaw.com

Date: August 11, 2015

9660005_1.docx

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA J. ROGERS,

    Plaintiff,

vs.

HENRY FORD HEALTH SYSTEM,
a Michigan corporation,

    Defendant.

Case No. 2:15-cv-12312
Hon. Marianne O. Battani

_____

## **RELIANCE ON JURY DEMAND**

NOW COMES HENRY FORD HEALTH SYSTEM, by and through its attorneys, VARNUM LLP, rely on the Jury Demand previously filed in this matter.

**VARNUM LLP**

By: */s/ Terrence J. Miglio*
    Terrence J. Miglio (P30541)
    Barbara E. Buchanan (P55084)
    Attorneys for Defendant
    39500 High Pointe Blvd.,
    Ste. 350
    Novi, Michigan 48375
    (248) 567-7400
    tjmiglio@varnumlaw.com
    bebuchanan@varnumlaw.com

Date: August 11, 2015

9660005_1.docx

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

By: */s/ Terrence J. Miglio*
Terrence J. Miglio (P30541)
Barbara E. Buchanan (P55084)
Attorneys for Defendant
39500 High Pointe Blvd., Ste. 350
Novi, Michigan 48375
(248) 567-7400
tjmiglio@varnumlaw.com
bebuchanan@varnumlaw.com

9660005_1.docx