# EXHIBIT HH



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Detroit Field Office

477 Michigan Avenue, Room 865
Detroit, MI 48226
Detroit Direct Dial: (313) 226-4600
TTY (313) 226-7599
FAX (313) 226-2778

Monica Rogers
4916 Browning Drive
Orchard Lake, MI 48323

Re:   Monica Rogers v. Henry Ford Health System
      EEOC Charge Number: 471-2013-03551

Dear Ms. Rogers:

Enclosed is a copy of a determination by the District Director specifying that there is reasonable cause to believe that you were placed on administrative leave and reassigned in retaliation for filing a previous charge of employment discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended. By law, we must attempt through conciliation to correct the effects of the illegal action.

The kinds of corrections proposed by the EEOC are specified in the attached document titled "Conciliation Agreement." The Respondent in this matter has been informed of this agency's interest in corrective action being taken. **The terms outlined are in no way final; they are subject to negotiation**. To that end, the Respondent has been advised to submit any counter-proposals to me in writing. Upon receipt of these proposals, if any, I will discuss them with you. If we fail to resolve this matter through conciliation, you or this agency may proceed by initiating a lawsuit in Federal court against the Respondent.

Upon your acceptance of a proposal, I will reduce the terms to a final, standard conciliation agreement for your signature, the Respondent's designated representative, and the District Director. The EEOC has the option of dismissing your case if you reject what is considered an offer of substantial relief. Prior to this occurring, you will be advised of the agency's position and given a final opportunity to accept the pending offer.

In order that this matter may be concluded within the next thirty to sixty days, I must know if you anticipate any prolonged absence which would make it impossible for me to reach you during that time.

12/03/2014
Date

*Antoinette Coburn*
Antoinette Coburn
Investigator

PLTF000477



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Detroit Field Office**

477 Michigan Avenue, Room 865
Detroit, MI 48226
Detroit Direct Dial: (313) 226-4600
TTY (313) 226-7599
FAX (313) 226-2778

EEOC Charge No: 471-2013-03551

Monica Rogers
4916 Browning Drive
Orchard lake, MI 48323            **Charging Party**

Henry Ford Health System
1 Ford Place, 4B
Detroit, MI 48202-3450            **Respondent**

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. 2000e, et. seq and timeliness, deferral and all other requirements for coverage have been met.

The Charging Party alleged that she was placed on administrative leave and later reassigned in retaliation for engaging in prior protected activity (filing an internal complaint of employment discrimination and a charge of discrimination with the EEOC), in violation Title VII of the Civil Rights Act. The Respondent denies the allegations.

The investigation revealed there is reasonable cause to believe Charging Party's allegations are true in that she was placed on administrative leave and later reassigned in retaliation for engaging in prior protected activity.

Title VII requires that if the Commission determines that there is reason to believe that violation(s) have occurred, it shall endeavor to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion. Having determined that there is reason to believe that violations have occurred, the Commission now invites the Respondent to join with it in a collective effort toward a just resolution of this matter.

A Conciliation Agreement containing the types of relief necessary to remedy the violation of the statute is included for your review. Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with the Commission's Procedural Regulations.

When the Respondent declines to enter into settlement discussions, or when the Commission's representative for any other reason, is unable to secure a settlement acceptable to the office Director, the Director shall so inform the Respondent in writing and advise it of the court enforcement alternative available to the Commission.

On Behalf of the Commission

12/03/2014
Date

Webster N. Smith
District Director

PLTF000478



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Detroit Field Office**

477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 226-4600
TTY (313) 226-7599
FAX (313) 226-2778

Conciliation Agreement

In the Matter of:

U.S. Equal Employment Opportunity Commission

and

EEOC Charge No: 471-2013-03551

Monica Rogers
4916 Browning Drive
Orchard Lake, MI 48323                                              Charging Party

And

Henry Ford Health System
1 Ford Place, 4B
Detroit, MI 48202-3450                                              Respondent

***

An investigation having been made under Title VII of the Civil Rights Act of 1964, as amended, by the U.S. Equal Employment Opportunity Commission (EEOC), and reasonable cause having been found under the Title VII, the parties do resolve and conciliate this matter as follows:

## TABLE OF CONTENTS

| Section | | Page |
|---|---|---|
| I. | GENERAL PROVISIONS | 3 |
| II. | CESSATION PROVISIONS | 4 |
| III. | CHARGING PARTY RELIEF | 4 |
| IV. | TRAINING | 4 |
| V | POSTING REQUIREMENTS | 4 |
| VI | COMPLIANCE REVIEW | 5 |
| VI. | SIGNATURE PAGE | 6 |
| | POSTED NOTICE | APPENDIX A |

PLTF000480

## I. GENERAL PROVISIONS

1. <u>Commission May Review Compliance With Agreement</u> – The Respondent agrees that the Commission, on request of any Charging Party or on its own motion, may review compliance with this agreement. As part of such review, the Commission may require written reports concerning compliance, and may inspect the premises, examine witnesses, and examine and copy any relevant documents.

2. <u>Agreement Does Not Constitute Admission of Violations</u> – It is understood that this Agreement does not constitute an admission by any Respondent of any violation of Title VII.

3. <u>All Employment Practices to be Conducted in Non-Discriminatory Manner</u> – The Respondent agrees that all employment practices and reassignments shall be maintained and conducted in a manner that ensures compliance with Title VII.

4. <u>Retaliation Prohibited</u> – The Parties agree that there shall be no discrimination or retaliation of any kind against any person because of opposition to any practice declared unlawful under the Title VII, or because of the filing of a charge; giving of testimony or assistance; or participation in any manner in any investigation, proceeding or hearing under Title VII.

5. <u>Reporting Provisions</u> – The Respondent agrees to retain the records and to provide the written reports under the section in this Agreement entitled "Reporting." Reports will be furnished to the Office of the Commission which has signified final approval of this Agreement.

6. <u>Agreement Non-Precedent Setting</u> – All parties agree that the settlement of the instant charge is intended to be without prejudice to any other case Respondent may have pending before the U.S. Equal Employment Opportunity Commission.

7. <u>Effective Date</u> – It is mutually agreed that this Agreement shall become effective as of the date of the Commission's approval and shall remain in effect for three years from said date.

8. <u>Agreement May Be Used as Evidence</u> – The Parties agree that this Agreement may be used as evidence in a subsequent proceeding in which any of the parties allege a breach of this agreement.

9. <u>Covenant Not to Sue</u> – The Charging Party agrees not to sue the respondent with respect to any allegations contained in the above-referenced charge. The EEOC agrees not to use the above-referenced charge as the jurisdictional basis for filing a lawsuit against the Respondent. However, nothing in this Agreement shall be construed to preclude the EEOC and/or any aggrieved individual(s) from bringing suit to enforce this Agreement in the event that the Respondent fails to perform the promises and representations contained herein. Nor does it preclude the Commission from filing charges in the future.

PLTF000481

## II. CESSATION PROVISION

Respondent will cease from any unlawful discrimination in all phases of employment including forced administrative leave, reassignment and other terms and conditions or privileges of employment.

## III. CHARGING PARTY RELIEF

1. Respondent will to pay the Charging Party:
    a. $10,000 in punitive damages
    b. $15,000 in compensatory damages

2. The Respondent will reassign the Charging Party into her previous position the next time the position becomes available.

3. The Respondent agrees to issue any payments classified as damages and/or expenses with a 1099. The Charging Party will be responsible for all tax payment and any tax liability associated with payment for damages and/or expenses.

## IV. TRAINING REQUIREMENTS

1. The Respondent will to provide training to managers, supervisors, officials, and human resources staff on Title VII of the Civil Rights Act of 1964, as amended, specifically with respect to retaliation within sixty, (60), days of the execution of this Agreement. The Respondent will submit a training outline to the EEOC prior to initiating any training. The Respondent may contact Enforcement Manager, Linda Sankovich (313) 226-7806, linda.sankovich@eeoc.gov to inquire about the agency's Customer Specific Training options.

2. The Respondent will ensure that, whenever there is a change in managers, supervisors, human resources staff, and/or any individual with the authority to hire, discharge, and/or make decisions that affect the terms, conditions, benefits, and/or privileges of employment of any employee, that the employee receives the training outlined in Section V, Item #1 within thirty (30) days of assuming their position.

## V. POSTING REQUIREMENTS

The Respondent will post, at its facilities, the Notice indicated in Appendix A of this Agreement. This notice shall remain posted throughout the life of the Agreement.

PLTF000482

## VI.  COMPLIANCE REVIEW

Respondent will provide such records, information, and/or documentation as required to ensure compliance with this Agreement within fourteen, (14), calendar days of completion, unless otherwise indicated within this section.

1. The Respondent will provide the following information and/or documentation to ensure compliance with Section III of this Agreement:
    a. A copy of the checks issued to the Charging Party for lost wages and damages.
    b. An affidavit from an official at the human resources manager level, or higher, that the Charging Party has been reassigned to her previous position.
    c. In the event the Charging Party is not reassigned to her previous position a copy of the check issued to the Charging Party.
    d. The Respondent will complete the following actions in the event the Charging Party is terminated from employment in less than one year from the date of hire:
        i. Notify the EEOC, Detroit Field Office in writing as soon as it learns that termination, (whether voluntary or for cause), is imminent, or within five, (5), calendar days of completion.
        ii. If the termination if for cause the Respondent will provide documentation to support the discharge decision.

2. The Respondent will submit a copy of sign-in rosters that indicate, at a minimum, the name, job title, date of training, and signature of all individuals that received training in compliance with Section IV, Item #1 of this Agreement.

3. The Respondent will provide an affidavit from an official at the Human Resources manager level, or higher, that the posting was made in compliance with Section V of this Agreement.

5

## VII. SIGNATURE PAGE

I have read the foregoing Conciliation Agreement and accept and agree to the provisions contained therein:

_____      _____
Date                                                  Monica Rogers
                                                              Charging Party


_____      _____
Date                                                  Henry Ford Health System
                                                              Respondent


Approved on Behalf of the Commission:


_____      _____
Date                                                  Webster N. Smith
                                                              District Director

PLTF000484