UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONICA J. ROGERS,

    Plaintiff,

vs.

HENRY FORD HEALTH SYSTEM,
a Michigan corporation,

    Defendant.

Case No. 2:15-cv-12312

Hon. Marianne O. Battani

| | |
|---|---|
| STERLING ATTORNEYS AT LAW, P.C.<br>Gerald D. Wahl (P26511)<br>Attorney for Plaintiff<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500<br>gwahl@sterlingattorneys.com | VARNUM LLP<br>Terrence J. Miglio (P30541)<br>Barbara E. Buchanan (P55084)<br>Attorneys for Defendant<br>160 W. Fort Street, Fifth Floor<br>Detroit, MI  48226<br>(313) 481-7300<br>tjmiglio@varnumlaw.com<br>bebuchanan@varnumlaw.com |

**DEFENDANT'S CORRECTED RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE CORRECTED DECLARATION
<u>AND TO CORRECT SUMMARY JUDGMENT RECORD</u>**

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................................ ii

COUNTER-STATEMENT OF ISSUE PRESENTED ................................................................ iv

INTRODUCTION ............................................................................................................... 1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ............................................. 1

ARGUMENT ...................................................................................................................... 2

    1.    Plaintiff's Third Attempt To Submit Proper Declaration Is Untimely And Should Be Excluded By This Court .......................................................... 2

    2.    Even if This Court Accepts Plaintiff's Corrected Declaration, the Corrected Declaration Suffers From the Same Fatal Defects As Her First Two Declarations and Is Insufficient To Create A Question Of Fact ....................... 5

CONCLUSION .................................................................................................................... 6

# INDEX OF AUTHORITIES

**Cases**

*Alpert v. U.S.*,
    481 F.3d 404 (6th Cir. 2007) .................................................................................. 6

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ............................................................................................... 5

*Clarksville–Montgomery County School System v. United States Gypsum Co.*,
    925 F.2d 993 (6th Cir. 1991) .................................................................................. 3

*Cody v. Hillard*,
    139 F. 3d 1197 (8th Cir. 1998) .............................................................................. 5

*Doren v. Battle Creek Health Sys.*,
    187 F.3d 595 (6th Cir. 1999) .................................................................................. 6

*EEOC v World's Finest Chocolate, Inc.*,
    701 F. Supp. 637 (M.D. Ill. 1988) ......................................................................... 4

*Elder-Keep v. Aksamit*,
    460 F.3d 979 (8th Cir. 2006) ................................................................................. 6

*Henry v. State Farm Fire & Cas. Co.*,
    No. 14-12004, 2015 WL 4429686 (E.D. Mich. June 5, 2015) ............................. 5

*Leininger v. Reliastar Life Ins. Co.*,
    No. 2:06-cv-12249, 2007 WL 2875283 (E.D. Mich. Sept, 27, 2007) .................. 4

*Link Treasure Ltd v. Baby Trend, Inc.*,
    809 F. Supp. 2d 1191 (C.D. Cal. 2011) ................................................................ 5

*Luke v. Family Care and Urgent Medical Clinics*,
    323 Fed. Appx. 496 (9th Cir. 2009) ...................................................................... 3

*Lumoa v. Potter*,
    351 F. Supp. 2d 426 (M.D.N.C. 2004) .................................................................. 6

*Oldham v. Heilig-Meyers*,
    19 F.3d 19 (6th Cir. 1994) ..................................................................................... 4

*Sapp v. CSX Transp., Inc.*,
    478 Fed. Appx. 961 (6th Cir. 2012) ...................................................................... 3

*United States v. Rayco, Inc.*,
    616 F.2d 462 (10th Cir. 1980) ............................................................................... 3

*Visteon Global Technologies, Inc. v. Garmin Intern'l, Inc.*,
  No. 10-cv-10578, 2014 WL 1028927 (E.D. Mich. March 17, 2014) ................................ 4

*Williams v. Mucci Pac*, U.S.A., Ltd.,
  961 F. Supp.2d 835 (E.D. Mich. 2013)................................................................................ 6

**Statutes**

28 U.S.C. § 1746..............................................................................................................2, 3, 7

**Rules**

Fed. R. Civ. P. 16(f) ..................................................................................................................4

Fed. R. Civ. P. 26(a)(2)(C) .......................................................................................................4

Fed. R. Civ. P. 56.......................................................................................................................6

Fed. R. Civ. P. 56(c)(1)..............................................................................................................6

## COUNTER-STATEMENT OF ISSUE PRESENTED

Should this Court deny Plaintiff's Motion for Leave to File Corrected Declaration and To Correct Summary Judgment Record, where Plaintiff's motion is untimely, this is the third Declaration that she has filed, and even if this third Declaration did comply with 28 U.S.C. § 1746, it still suffers from the same fatal defects as the previous two Declarations, i.e., it is replete with conclusory opinion, beliefs and speculation, but not facts based upon personal knowledge?

Defendant answers "yes."

## INTRODUCTION

This is Plaintiff Monica Rogers' ("Plaintiff") third attempt to file a correct, sworn Declaration in support of her Response to Defendant Henry Ford Health System's ("Defendant") Motion for Summary Judgment.  Plaintiff's first Declaration was unsigned and undated, and was not made under penalty of perjury, as required by statute.  Her second Declaration was signed and dated, but again, not made under penalty of perjury.  Her third "Corrected Declaration" (the subject of this Motion) is signed, dated and made under penalty of perjury.  Plaintiff has offered no explanation as to why she has filed three Declarations, or why her first two were not correct when filed.  Plaintiff's latest submission, her proposed "Corrected Declaration," however, comes nearly five months after Plaintiff filed her Response and nearly four months after the hearing on the Motion for Summary Judgment.  Plaintiff's first two Declarations should be excluded because they did not comply with statutory authority.  Her latest Declaration is untimely and should be excluded.  The cases upon which Plaintiff relies are inapposite and do not support her request.  Plaintiff's Motion should be denied.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Defendant filed its Motion for Summary Judgment on August 1, 2016.  (ECF Dkt. #48)  Plaintiff filed her Response to Defendant's Motion for Summary Judgment on September 23, 2016.  (ECF Dkt. #55)  One of Plaintiff's exhibits was a 154-paragraph rambling, unsigned, undated "Declaration."  (ECF Dkt. #55, Ex. F)  This unsworn Declaration did not include the necessary language regarding the penalty of perjury as set forth in 28 U.S.C. § 1746.  (*Id*.)

Defendant filed its Reply in Support of its Motion for Summary Judgment on October 17, 2016.  (ECF Dkt. #58)  In its Reply, Defendant specifically objected to the substance of the "Declaration" and argued that it should be rejected by the Court.  (*Id*.)  On October 27, 2016, the date of the hearing on Defendant's Motion for Summary Judgment, Plaintiff filed a second

"Declaration" that was not accompanied by a Motion. (ECF Dkt. #59) This one was signed and backdated (to September 23, 2016), but still did not include the penalty of perjury language required by 28 U.S.C. § 1746. (*Id.*)

On February 15, 2017, Plaintiff filed the instant Motion, and attached a "Corrected Declaration" that was signed, dated February 17, 2017 and included the following statement "I declare, under penalty of perjury, that the foregoing is true and correct." (ECF Dkt. #60, Ex. B)

For the reasons set forth below, Plaintiff's Motion should be denied, and her "Corrected Declaration" should be excluded by this Court.

## ARGUMENT

### 1. Plaintiff's Third Attempt To Submit Proper Declaration Is Untimely And Should Be Excluded By This Court

This is Plaintiff's third attempt over a period of nearly five months – to submit a correct, signed, sworn Declaration in support of her Response to Defendant's Motion for Summary Judgment ("Response") that complies with 28 U.S.C. § 1746. Plaintiff's Corrected Declaration is untimely. Defendant filed its Motion for Summary Judgment on August 1, 2016 (Docket # 48). The Court issued a scheduling Notice requiring Plaintiff to file her Response by September 8, 2016 and setting a hearing on the Motion for October 13, 2016. (Docket # 50). **Plaintiff's third Declaration is being submitted nearly five months after her Response was due and nearly four months after the hearing on Defendant's Motion for Summary Judgment.** Further, Plaintiff provides no explanation in her Motion as to why she failed to submit her own, properly sworn Declaration in a timely manner.[1]

---

[1] Plaintiff notes in her Conclusion that ". . . under all of the circumstances that exist in this case, the Declaration, as corrected, should be considered by the Court . . ." but never explains what those "circumstances" are. (ECF Dkt. #60, Pg ID 1787).

2

The Court should exercise its discretion to exclude the untimely Declaration pursuant to Fed. R. Civ. P. 16, which grants district courts wide latitude to impose sanctions for failure to comply with their scheduling orders. *See Clarksville–Montgomery County School System v. United States Gypsum Co.,* 925 F.2d 993, 998 (6th Cir. 1991). A district court has discretion to impose appropriate sanctions, and the exclusion of the Declaration is appropriate under the circumstances. *See* Advisory Committee notes to Fed. R. Civ. P. 16(f) (1983); *see also United States v. Rayco, Inc.,* 616 F.2d 462, 464 (10th Cir. 1980) (broad powers of enforcement inure to a pretrial order limiting issues to be tried and evidence to be introduced).

Further, courts have excluded untimely declarations in other situations, including where witness declarations are filed past a scheduling order deadline. For example, in *Luke v. Family Care and Urgent Medical Clinics*, 323 Fed. Appx. 496 (9th Cir. 2009), the Ninth Circuit held that the district court did not abuse its discretion when it excluded as untimely expert declarations submitted by the plaintiffs in response to the defendants' summary judgment motion.[2] *Id*. at 1. Plaintiff disclosed the declarations after the court's deadlines, and therefore the district court found them to be untimely pursuant to Fed. R. Civ. P. 26(a)(2)(C). The court noted that the plaintiffs did not provide any justification – let alone substantial justification – for the untimely submissions. *Id*.; *see also Sapp v. CSX Transp., Inc.*, 478 Fed. Appx. 961, 963-964 (6th Cir. 2012)(court struck as untimely expert's declaration). It should be no different in the instant matter. Plaintiff has filed two untimely declarations – included the one most recently filed – in violation of the Federal Rules and this Court's Scheduling Order, and they should be stricken.

---

[2] Unpublished cases are attached hereto as Exhibit A.

Finally, the cases that Plaintiff cites to support her request to allow the Corrected Declaration are inapplicable here. *Visteon Global Technologies, Inc. v. Garmin Intern'l, Inc.*, No. 10-cv-10578, 2014 WL 1028927 (E.D. Mich. March 17, 2014), upon which Plaintiff heavily relies, involved a "clerical error" made by the defendant, *Garmin*, when responding to *Visteon's* requests to admit. It was obvious that *Visteon* knew about the errors, but did nothing to raise the error in a timely manner.[3] That is not situation here. Plaintiff's failure to provide a sworn Declaration was not merely a "typographical error." Rather, Plaintiff failed to provide the mandatory "perjury" language. Moreover, Plaintiff did not promptly correct the error as was the case in *Visteon*, where the defendant attempted to correct its typographical error within two weeks.

None of the other cases relied upon by Plaintiff are applicable. *EEOC v. World's Finest Chocolate, Inc.*, 701 F. Supp. 637 (M.D. Ill. 1988) is irrelevant since it involved an unsigned EEOC Charge of Discrimination. In *Oldham v. Heilig-Meyers*, 19 F.3d 19 (6th Cir. 1994), the *pro se plaintiff* was given an extra 30 days to file a properly executed affidavit. That is not the case here. In *Leininger v. Reliastar Life Ins. Co.*, No. 2:06-cv-12249, 2007 WL 2875283 (E.D. Mich. Sept, 27, 2007), the plaintiffs argued that the defendant's declarations that were included with its Motion for Summary Judgment should be stricken or should not be considered by the Court because they were not notarized nor stated that they were made under penalty of perjury. However, the defendants filed the corrected declarations with their reply brief three weeks later, long before the hearing on the motion. Here, Plaintiff has waited months to seek to file a "Corrected Declaration." Finally, Plaintiff seems to suggest, based on a footnote in *Cody v.*

---

[3] *Visteon* cannot stand for the proposition that a Plaintiff's motion is the proper mechanism to remedy defects in the declaration as Plaintiff suggests, since *Visteon* did not involve the filing of an unsworn declaration.

4

*Hillard*, 139 F. 3d 1197 (8th Cir. 1998), that it was the responsibility of Defendant to raise the issue of the defective declaration at the district court level.[4] However, shifting the burden to Defendant to point out the defects in Plaintiff's filings ignores Plaintiff's burden – that she must produce specific evidence demonstrating a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The non-moving party must present specific, admissible evidence showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1); *Henry v. State Farm Fire & Cas. Co.*, No. 14-12004, 2015 WL 4429686, at *6 (E.D. Mich. June 5, 2015). Finally, *Link Treasure Ltd v. Baby Trend, Inc.*, 809 F. Supp. 2d 1191, 1195 (C.D. Cal. 2011) cited by Plaintiff, makes abundantly clear that ***compliance with the requirement of 28 U.S.C. § 1746 is mandatory, i.e., the declaration is made under penalty of perjury***. *Id*. at 1195.[5]

2.  **Even If This Court Accepts Plaintiff's Corrected Declaration, The Corrected Declaration Suffers From The Same Fatal Defects As Her First Two Declarations And Is Insufficient To Create A Question Of Fact**

Plaintiff's Corrected Declaration, like the previous two, is replete with conclusory opinion, beliefs and speculation, but not facts based upon personal knowledge. Rule 56 requires that an affidavit or declaration "shall be made on personal knowledge, shall set forth such facts

---

[4] Despite Plaintiff's claims to the contrary, Fed. R. Civ. P. 56 does not require that a party file a motion to strike objectionable evidence submitted in response to a motion for summary judgment. In fact, the Committee Notes to the 2010 Amendments state specifically that "[t]here is no need to make a separate motion to strike" when objecting to material cited to support or dispute a fact that is not admissible in evidence.

[5] Neither the Declaration attached to Plaintiff's Response as an exhibit, nor the one filed on October 27, 2016, qualify as affidavits because they were not subscribed as true before a notary. Nor did they contain the oath required for declarations by 28 U.S.C. § 1746. For this reason, these Declarations should be excluded in their entirety.

5

as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *See Williams v. Mucci Pac, U.S.A., Ltd.*, 961 F. Supp.2d 835 (E.D. Mich. 2013); *see also Alpert v. U.S.,* 481 F.3d 404, 409 (6th Cir. 2007).  Plaintiff's Corrected Declaration, which is the same as the Declaration attached to her Response, contains numerous statements which are conclusory and not based on Plaintiff's personal knowledge.[6] "[A] party must offer 'specific facts showing that there is a genuine issue for trial' and not 'merely conclusory' allegations." *Doren v. Battle Creek Health Sys.*, 187 F.3d 595, 598 (6th Cir. 1999). Plaintiff's Corrected Declaration must be rejected by this Court.

## CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiff's Motion should be denied. Further, this Court should exclude Plaintiff's previous two unsworn Declarations.

          Respectfully submitted,

          VARNUM LLP

          By:  /s/ Terrence J. Miglio
          Terrence J. Miglio (P30541)
          Barbara E. Buchanan (P55084)
          Attorneys for Defendant
          160 W. Fort Street, 5th Floor
          Detroit, MI 48226
          (313) 481-7300
          tjmiglio@varnumlaw.com

Dated:  March 1, 2017          bebuchanan@varnumlaw.com

---

[6] The Court has discretion to *sua sponte* exclude affidavits that lack attestations under penalty of perjury.  *Elder-Keep v. Aksamit*, 460 F.3d 979 (8th Cir. 2006)  *See also Lumoa v. Potter*, 351 F. Supp. 2d 426, 431 (M.D.N.C. 2004) ("Because none of these statements are an affidavit or meet the standards of §1746, they cannot be considered in a summary judgment disposition and will be stricken.") Exhibit B, attached to Defendant's Reply in Support of its Motion for Summary Judgment (ECF Dkt. #58), is a chart showing the statements in Plaintiff's Declaration that do not comply with the dictates of Rule 56.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                        /s/ Terrence J. Miglio
                        Terrence J. Miglio (P30541)